

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-69,026-04

### EX PARTE CHARLES EDWARD MADDEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 23715C-86 IN THE 86TH JUDICIAL DISTRICT COURT FROM KAUFMAN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted manufacturing and delivering a controlled substance and sentenced to sixty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Madden v. State*, No. 05-05-01626-CR (Tex. App.–Dallas 2006)(not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel failed to call witnesses who could have testified that Applicant's license plate light worked before the stop, failed to prepare Applicant for when he took the stand, failed to contact

Applicant's co-passenger, failed to object to the edited version of the videotape of the stop, failed to object to the improper jury instruction that allowed the jury to make a non-unanimous verdict, failed to have independent testing performed on the substance seized, failed to object after the State re-indicted Applicant with an increase in the degree of the offense, failed to move for a directed verdict after the State failed to prove the element of intent to deliver, and failed to object to the prosecutor's erroneous statement during closing argument that the jury's verdict did not have to be unanimous.

Applicant also contends that his appellate counsel rendered ineffective assistance because counsel failed to brief the issue of erroneous jury instructions which included "issues and alternative theories" that were not included in the indictment, failed to argue sufficiency of the evidence, specifically regarding the fact that the State never proved the intent to deliver, failed to raise the issue of prosecutorial misconduct when the State argued to the jury that the verdict did not have to be unanimous, and failed to argue abuse of discretion by the trial court when the judge gave an improper instruction that allowed the jury to convict Applicant non-unanimously.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.

If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel and appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 4, 2015
Do not publish